1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES for the use and benefit of
IMCO GENERAL CONSTRUCTION, INC.,

                              Plaintiff,

         v.

INSURANCE COMPANY OF THE STATE
OF PENNSYLVANIA,

                              Defendant.

No. C14-0752RSL

ORDER GRANTING MOTION TO
DISMISS FOR LACK OF PERSONAL
JURISDICTION

        This matter comes before the Court on "Defendants' Motion to Dismiss Pursuant

to FRCP 12(b)(2), (3) or Transfer Venue Pursuant to [28] U.S.C. § 1406(a)."  Dkt. # 14.

Plaintiff seeks recovery on a payment bond posted by defendant pursuant to the Miller Act, 40

U.S.C. § 3131 *et seq*., related to work plaintiff performed on a government project at the Naval

Base on Guantanamo Bay, Cuba.  Defendant argues that venue in this district is improper under

the venue provision of the Miller Act, 40 U.S.C. § 3133(b)(3), and under the general venue

statute, 28 U.S.C. § 1391.  Defendant also argues that the Court lacks personal jurisdiction over

it.  Defendant seeks dismissal of the above-captioned matter or, in the alternative, transfer of

venue to the United States District Court for the Southern District of New York.[1]

--------

[1]  The Court has considered plaintiff's untimely opposition memorandum.

ORDER GRANTING MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION

1    The Miller Act provides:  "A civil action brought under this subsection must be

2    brought – . . . in the United States District Court for any district in which the contract was to be

3    performed and executed, regardless of the amount in controversy."  40 U.S.C. § 3133(b)(3).

4    Courts have interpreted the provision as providing venue in any district in which the prime

5    contract between the United States and the general contractor is performed.  U.S. ex rel.

6    Straightline Corp. v. CNA Surety, 411 F. Supp.2d 584, 585 (W.D. Pa. 2006).  Where, as here,

7    the government project is in a foreign country, courts uniformly find that the subcontractor

8    retains its right to sue on a payment bond under the Miller Act even if there is no judicial district

9    that satisfies that statute's venue provision.  U.S. ex rel. Skip Kirchdorfer, Inc. v. M.J. Kelley

10   Corp., 995 F.2d 656, 659 (6th Cir. 1993); U.S. ex rel Bryant Elec. Co., Ltd. v. Aetna Cas. &

11   Surety Co., 297 F.2d 665, 669 (2nd Cir. 1962); U.S. ex rel. Bailey-Lewis-Williams of Fla., Inc.

12   v. Peter Kiewit Sons Co. of Canada Ltd., 195 F. Supp. 752, 755-56 (D.D.C. 1961).  Where suit

13   may be brought in such circumstances is not entirely clear, however.  Defendant, relying on U.S.

14   ex rel. Norshield Corp. v. E.C. Scarborough, 620 F. Supp.2d 1292 (M.D. Ala. 2009), argues that

15   suit must be brought in the district where defendant has its principal place of business.  Neither

16   the Norshield court nor plaintiff identify any statutory or other binding authority that limits

17   venue in a foreign-project Miller Act case to defendant's home state.  The legislative history of

18   the Miller Act suggests that the current version of the venue provision was motivated by a desire

19   to make it easier for suppliers and subcontractors to obtain payment on the bond by allowing

20   multiple suits where the work actually occurred.  U.S. ex rel. Brown Minneapolis Tank Co. v.

21   Kinley Constr. Co., 816 F. Supp.2d 1139, 1161 (D.N.M. 2011).  Arbitrarily limiting venue to

22   defendant's principal place of business would, far from furthering that goal, make it even harder

23   for local craftsman to recover for unpaid work.  The Court declines to adopt the choice of venue

24   analysis in Norshield and instead follows the general venue provisions of 28 U.S.C. § 1391 as

25   the Second Circuit did in Bryant Electric, 297 F.2d at 669.

26

ORDER GRANTING MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION          -2-

1      For purposes of this litigation, venue is proper under § 1391 in any judicial district

2  in which "defendant is subject to the court's personal jurisdiction with respect to the civil action

3  in question." 28 U.S.C. § 1391(b)(1) and (c)(2).  Thus, the personal jurisdiction analysis is

4  dispositive of defendant's venue argument, and plaintiff has the burden of demonstrating that the

5  Court may exercise personal jurisdiction over defendant.  In re W. States Wholesale Natural Gas

6  Antitrust Litig., 715 F.3d 716, 741 (9th Cir. 2013).  In evaluating defendant's jurisdictional

7  contacts, the Court accepts uncontroverted allegations in the complaint as true.  Menken v.

8  Emm, 503 F.3d 1050, 1056 (9th Cir. 2007).  If a jurisdictional fact is disputed, however,

9  plaintiffs cannot rely on the bare allegations of the complaint and must come forward with

10  additional evidence.  Marvix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223 (9th Cir.

11  2011).  Conflicts in the evidence provided by the parties must be resolved in plaintiff's favor.

12  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).  Because the

13  Court did not hear testimony or make findings of fact, plaintiff "need only make a prima facie

14  showing of jurisdiction to withstand a motion to dismiss."  Wash. Shoe Co. v. A-Z Sporting

15  Goods, Inc., 704 F.3d 668, 671-72 (9th Cir. 2012) (internal quotation marks omitted).

16      Pursuant to Fed. R. Civ. P. 4(k)(1)(A), federal courts ordinarily follow state law

17  when determining the extent to which they can exercise jurisdiction over a person.  Daimler AG

18  v. Bauman, __ U.S. __, 134 S. Ct. 746, 753 (2014).  The Washington Supreme Court has held

19  that, despite the rather narrow language used in Washington's long-arm statute, RCW 4.28.185,

20  the statute "extends jurisdiction to the limit of federal due process."  Shute v. Carnival Cruise

21  Lines, 113 Wn.2d 763, 771 (1989).  The Court therefore need determine only whether the

22  exercise of jurisdiction comports with federal constitutional requirements.  Easter v. Am. W.

23  Fin., 381 F.3d 948, 960 (9th Cir. 2004).

24      In order to justify the exercise of jurisdiction over a non-resident under the federal

25  constitution, plaintiff must show that defendant had "certain minimum contacts with [the forum]

26

ORDER GRANTING MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION      -3-

such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).  Two different categories of personal jurisdiction have developed, namely "general jurisdiction" and "specific jurisdiction."  "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, __ U.S. __, 131 S. Ct. 2846, 2851 (2011) (quoting Int'l Shoe, 326 U.S. at 317).  Specific jurisdiction, on the other hand, "focuses on the relationship among the defendant, the forum, and the litigation" and exists when "the defendant's suit-related conduct [creates] a substantial connection with the forum State." Walden v. Fiore, __ U.S. __, 134 S. Ct. 1115, 1121 (2014) (internal quotation marks and citations omitted).  Plaintiff asserts that the Court has general jurisdiction over defendant in this case.

       Plaintiff identifies five facts from which it argues that defendant is subject to the general jurisdiction of Washington courts:  (1) defendant is registered to do business here; (2) defendant has been registered to do business here since 1909; (3) defendant has 217 agents registered to sell insurance in Washington, 79 of whom have offices here; (4) defendant earned over $53 million in premiums from Washington accounts in the last four years; and (5) defendant has sued and been sued in this district in the last decade.  Whether these facts are considered individually or together, they do not establish that defendant is "at home" in Washington.  The Supreme Court has recently made clear that the type of contacts that will make a corporation subject to jurisdiction for all purposes are, for both practical and fairness reasons, generally limited to the place of incorporation and principal place of business.  "Those affiliations have the virtue of being unique – that is, each ordinarily indicates only one place – as well as easily ascertainable.  These bases afford plaintiffs recourse to at least one clear and

certain forum in which a corporate defendant may be sued on any and all claims." <u>Daimler AG</u>, 134 S. Ct. at 760 (internal citations omitted).  If the sale of insurance policies having nothing to do with plaintiff's cause of action would be sufficient to allow the exercise of general jurisdiction in this instance, defendant would presumably be subject to suit in every state based on a policy sold to its principal for a project in Cuba.  "Such exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." <u>Id.</u> at 761-62 (internal quotation marks omitted).[2]

Defendant is a Pennsylvania corporation with its principal place of business in New York.  Although it conducts approximately 1% of its business in Washington, it cannot be deemed "at home" in the forum under <u>Daimler AG</u>.  General jurisdiction over defendant does not, therefore, exist.  Because a determination regarding proper venue necessarily led to the conclusion that the Court lacks the power to exercise control over defendant (<u>Leroy v. Great W. United Corp.</u>, 443 U.S. 173, 180 (1979)), this action is hereby DISMISSED without prejudice to its being refiled in one of the two districts in which defendant resides.

Dated this 3rd day of September, 2014.

*MRt S Casnik*

Robert S. Lasnik
United States District Judge

---

[2]  The fact that courts in Washington have exercised specific jurisdiction over defendant in cases arising out of insurance policies issued to residents of this state is irrelevant to the question of whether defendant is subject to this Court's jurisdiction for all purposes.

ORDER GRANTING MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION          -5-